FILED
CLERK, U.S. DISTRICT COURT
1/20/21
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CS _____ DEPUTY

Allen Hammler F73072
P.O. Box 8800
Corcoran, CA. 93212

RE;ATED DDJ

In The United States District Court
Central District OF California

| | |
|---|---|
| Allen Hammler,<br>　　　　Plaintiff, | Case No. CV21-2065-JGB(SP) |
| v., | COMPLAINT |
| | 42 U.S.C. § 1983 |
| Mr. Bialik, Mr. Shoemaker,<br>Principal OF Bandcroft Jr.<br>High School Doe#1, Los<br>Angeles Unified School Dist.,<br>A Government Entity, Los<br>Angeles County, A Municipal,<br>Boy Scouts OF America, A<br>Corporation, And Doe,s#2<br>through 21, inclusive, Mayim<br>Bialik,　　DeFendant,s. | |
| | DEMAND FOR JURY TRIAL |

A. Jurisdiction And Venue

This is a Civil Action Authorized by --
42 U.S.C. § 1983 to Redress the Deprivation oF
Constitutional Rights, and Violations thereoF Said
Rights. This Honorable, And Reasonable, Court has

1 oF 25

1  Jurisdiction under 28 U.S.C. § 1331 and 1343 (a)(3),
2  Supplemental under 28 U.S.C. § 1367 address State
3  Claims. Venue is Proper in this Central District,
4  Los Angeles Division under 28 U.S.C. § 1391 (b)(2)
5  because it is where the Events engendering the
6  Action occurred.

7

8                    B. Plaintiff

9

10         Plaintiff, Allen Hammler, was and is
11  at all times Mentioned herein a student --
12  Attending Bandcroft Jr. High School in the
13  County of Los Angeles. He currently Resides at
14  P.O. Box 8800, Corcoran, CA. 93212.

15

16              C. Defendants

17

18      1. Mr. Bialik, at all times Mentioned herein
19  was and is a Teacher at Bandcroft Jr. High
20  School, in Los Angeles County (LA/Co.), Employed
21  by and or Contracted with Bandcroft and
22  the Los Angeles Unified School District (LAUSD.)

23

24      2. Mr. Shoemaker, at all times Mentioned
25  herein was and is a Teacher at Bancroft Jr.
26  High School (Bandcroft), in LA/Co., Employed by
27  and or Contracted with Bandcroft and LAUSD.

28

3. Principal of Bancroft, Doe #1, at all times mentioned herein was and is the Principal of Bancroft in Los Angeles County, Employed by and or Contracted with LAUSD..

4. LAUSD., A Government (Gov't) Entity, that acts through Individual(s) to establish it's Policies and that is Capable of being Sued under Federal Law, Operating under State And Federal Charters, being a Duly Organized Public Entity is Responsible For supervising and Operating all Schools(s) in LA/Co. to include Bancroft and ensuring the Health and Safety of all students in Attendance at their Facilities and Functions Related thereto, including Extra Corriculer/Corresponding Activities, outings, etc..

5. LA/Co., A Municipality and or Local Gov't. that act's through Individual(s) to establish it's Policies is capable of being Sued under Federal Law.

6. Boy Scouts OF America, A Corporation, and or Non-Profit, that Operates under State And Federal Charters and Articles of Incorporation. in each state and For cause of this instant Action their Primary Place of Business is alleged to be LA/Co..

7. Does #2-11, at all times mentioned herein are and were Duly Authorized Employee(s), and Agent(s) of LAUSD., Board Members, etc., acting under Color of Law within the Course and Scope of their respective Duties and with the complete authority and Ratification of their Principal LAUSD.

8. Does #12-21, at all times Mentioned herein are and were Duly Authorized Employee(s), and Agent(s) of LA/Co., Board Members, etc., acting under color of Law within the course and scope of their respective Duties and with the complete authority and Ratification of their Principal LA/Co.   9. Mayim Bialik.

At all times mentioned herein each and every Defendant named was the Agent of each and every other Defendant named and had the Legal Duty to oversee and supervise the Conduct and Employment of each and every other Defendant named. Each and every Defendant named herein are for caused Sued in their individual Capacity, with the names of each of the Does 1-21 to be added in Amendment of the Complaint as they become Known to Plaintiff.

## D. Factual Allegations

1. On or about the date of 1,1,1990 the Plaintiff was of the Age 13 and a minor by Law. Having been a student at that time Attending Bandcroft Jr. High School (Bandcroft) in LA/Co. and being a Member of the Cadet Corps he held the Rank of a Private/Cadet, the Lowest in the Ranks.

2. On said date Plaintiff and a number of his Class mates all being Cadets were taken on a weekend Camping Trip by the Defendant(s) Mr. Bialik the Assigned Company Commander and a Teacher at Bandcroft, with his Assigned Executive Officer Mr. Shoemaker also a Teacher at Bandcroft, being another of the Shepherds on the Trip.

3. Arriving at the Boy Scout Reserve and Camp Plaintiff and the other Cadets were Pared in Two(s) to Share Tents, with Plaintiff and his Best Friend David assigned together.

4. While getting the Tent and sleepingbags inside in order Plaintiff saw a spider and he and David scrambled to get away From the Large Spider, running out of the Tent. David

stating "I'm a get a Rock and Smash it," he went to do so, leaving Plaintiff there.

5. Mr. Bialik, having overheard the exchange walked over from another tent where he had been aiding other Cadets with a Tent's falling or other. Telling Plaintiff that the Spider would not Bite and encouraging him to enter the Tent in stating that they could Catch it with their Hands Plaintiff got down on his Kneez and entered the Tent with Mr. Bialik behind him.

6. Plaintiff in Pulling back the Sleepingbags that were together side by side Jumpt being startled having thaught he'd seen the Spider coming at him in the Dimly lit Tent, and in doing so had Mr. Bialik catch him in his Arms. "Whoa, what happend" Mr. Bialik said his - - Arms wrapped around Plaintiff as he excitedly Proclaimed "There it is, there it is!"

7. "Just stay still for a minute, We'll get him," Mr. Bialik said his arms yet around Plaintiff's Waist. In fear of having the Spider come for him if he moved and having been Forcefully Kept from moving by Mr. Bialik in the first instance that he'd sought to Bolt from the

Tent the spider having run toward him, now he had Mr. Bialik not only holding him around the Waist but Rubbing and Groping his Crotch with Both his hands, a Firm and Continuous Pattern of Motions consistant with those that one would employ with intent to Arouse or Stemulate the Body sexually.

8. "What are you doing?" Plaintiff said attempting to break Free. "Hold on, I think I See him," Mr. Bialik said his hold about Plaintiff's Waist constricting to hold him there.

9. It was at that instance that he unzipped Plaintiff's Jeans and continuing to Grope his Crotch a hand inside Plaintiff's Zipper he Audibly moaned in a Low Pitch While continuing to Molest Plaintiff his Bare Hand(s) enterchangably making actual Contact with Plaintiff's Penis and Testicles.

10. Plaintiff could now Feel Mr. Bialik's Errect Penis Pressing into his back and being Gripped by the shock of what was taking Place Mentally and Physically Gripped by Mr.- Bialik Hold on him, Plaintiff just remained still until it was over and he Felt Mr. Bialik push- ing his Penis back into place inside his under

1  wear, and he had zipped his Jeans back up.

2

3        11. Not two seconds later David returned
4  and opening the Tent caused Mr. Bialik to
5  release his hold on Plaintiff. It was asthough
6  a Switch had been Flipped where Mr. Bialik
7  went From what he had just been doing to
8  moving Plaintiff aside and himself going --
9  Forward into the Tent in search of the
10 Spider.

11

12        12. The Spider was never Found and Mr.-
13 Bialik taking the Branch From David that he
14 had returned with having been unable to Find
15 a Rock, Mr. Bialik told Plaintiff "You handled
16 that situation well. I think it showed real
17 Leadership. So I'm Promoting you to Corporal, effec-
18 tive tonight." David began to Congradulate the
19 Plaintiff and Mr. Bialik took his leave, in what
20 is alleged to have been a Belief that he had
21 Placated Plaintiff into Silence Fore having
22 Known that Plaintiff valued Participating in
23 the Caded Corps and had been Desprately
24 Studying and taking on extra Duties in
25 hopes of obtaining the Rank of Private or
26 Caded First Class a single Stripe but in one
27 night he had given Plaintiff Two and Knew
28 that he would not Risk Losing the newly

given Rank by Speaking oF what had Just taken place.

13. Subsequently, Mr. Bialik in holding the Rank given PlaintiFF over his Head would every now and again in what PlaintiFF alleges and believes was to Further Deter the thought oF relating the Events of the Camping Trip to anyone, Mr. Bialik would address PlaintiFF and tell him that he needed to "Show his Leadership Skills."

14. Being at that Age already enFluenced by the Hip Hop Culture and wanting to be a Rapper and Song writer PlaintiFF was Emotional and Humiliated by the Homosexual encounter Feeling the Pressure to Keep Silent For his Knowing that speaking out would be to sub-ject himself to Ridicule in the Industry that Shunned Homosexuality in the 90(s) and to date Still does to an extent, and For Fear of all the above and then Later the BackLash that could come from speaking out against Bialik whom is the Father oF a High ProFil Actress being Maryim Bialik who Stared in the 90(s) TV. Show "Blossom," and in the recent "Big Bang Theory" as Amy FaraFowler.

(Paragraph No. 15 omitted.)

16. Plaintiff was in the first instance Coerced into Silence by Bialik via Threat of having his Rank Taken and being Humiliated before his Peers an act that in operation to the date of 11, 17, 2020 Violated Plaintiff's First Amendment Right to Free speech and actively Concealed Crimes against a minor that by Laxn Tolled the Statute of Limitation in all Procedural aspects.

17. Plaintiff has over the years Struggled with coming to Terms with the Events of the Camping Trip and wanted to Report the Crimes against him but having sought to have a Rap Career and having worked with name(s) such as Ice-T as a kid and then on Movie Sound-Tracks with Ice Cube For the Players Club and New line Cinema, and Skits on Ice Cube's War And Peace Album the Song Once upon a time in the Projects Part-2, etc." Plaintiff did not have the Mental Capacity to come Forward. Mr. Bialik having Molded him to be Shamful and Silent From the outset with threats of Great Loss, and Reproach that has For years effectively perpetuated Silence.

18. A usual Claim of Retaliation has an Element of Chilling affect that must be

(1) Plaintiff is a Ghost writer and Author. He has writen a number of Book(s) and one re Events herein to be Published.

10

Substantiated and here Plaintiff alleges
that the Element is met Fore a Reasonable
13 Year old with Big Dreams of becoming a
Mogul in an Industry that did not accept
Homosexuality, and then being Raised in a
Jamaican Home where Homosexuality Was
Called "Arms-House" and Songs Promoting the
Murder of "Botty-men", i.e., Homosexuals
were Listened to day in and out, a reason-
able Person of that State of being would
not have Felt Safe going Forward with
a Report related to the Camping Trip and
Crimes. Further, the sexual Assault in itself
Operating to Violate Plaintiff's Constitutional
Rights to Free and suggestive speech where
Bialik Kept Plaintiff From moving by Force,
Fear and Menace while he Molested him are,
were Actual Injury enough to meet the
Element Under Rhodes v. Robinson, 403 F.3d
559, 568 n.11. (9th Cir. 2005).

19. Plaintiff alleges that not one of the
actions alleged herein were taken with Goal
of Education in interest.

20. It is Further alleged that at all --
times mentioned herein each and every one
of the named Defendant(s) Action(s) And

11

Omission(s) were intentional, Unjustifiable, Unprovoked, Malicious, Wanton, Arbitrary, and Oppressive, taken solely for the purpose of -- unwanted sexual Gratification, being noncon- sensual and illegal, for the sole purpose of inflicting Pain, Mental Distress and injury, with Dispicable and Evil Intent, whil they Consciously Disregarded Plaintiff's Rights, and Defendant Bialik exploited his trust given as an Educator and access thereby to Prey on Minors via Lowering them to the BoyScout Camp a Secluded space that he Knew to have been left viable for such illegal use by the Boy Scouts Organization.

### E. Government Claims

Plaintiff alleges that he has complied with Government (Govt.) Code § 911.2 relevant to all Claims herein raised via Forwarding the mandated -- Claims Forms to the Office Of Risk And In- surance Managment And Govt. Claims Program on the date of 11,30,2020.

The Claim Stated the time, Place, Cause, Nature and extent of Plaintiff's injuries. The State had 45 days From the date of Submission to address the Claims Under Govt. Code § 912.4(c)

and has done so as of 1,13,2021, Fore Cause.

### F. Administrative Remedies

PlaintiFF alleges that there are none, and or they were not Knowable iF any.

### G. Legal Claims Alleged

1. Claim One: Violation OF 1st Amendment, Free Speech, Suggestive Speech included.

PlaindiFF incorporates by reference Para-graphs 1 through 20, supra, as Fully Set Forth For cause, and gives nodice that unless it is otherwise stated in the Text below said Paragraphs are also applied thereto and incorporated as Fully Set Forth For cause.

2. Claim Two: Violation OF 1st Amendment, Retaliation.

3. Claim Three: Violation OF 8th Amend-ment, Deliberate IndiFFerence.

Here, it is Further alleged that DeFendant(s) Shoemaker, Doe #1, L.A.U.S.D., LA/Co., Boy Scouts OF America (BSA), Doe(s) 2-21, and Mayim Bialik

13

Knew and had reason to Know that Plaintiff was going to be injured and was being injured in the manner(s) that he has been whereby the injuries were made Possible by the Actions and Omissions of said Defendant(s) where each Prior to the date of 1,1,1990 and From that date to the Present Knew that Plaintiff was Assaulted, was suffering Mental Distress as a Direct and Proximate Result of the sexual Assault with each Defendant Failing to act to intervene to Prevent the Assault and Progression of the mental Distress that has Followed over the Years.

Each of the Defendant(s) were Deliberately Indifferent to a Substantial Risk of Harm to the Plaintiff's Health and Safety allowing him -- to be shepherded to the Secluded Boy Scout Camp by Bialik who they knew had Predatory Propensities to be Assaulted and Shoemaker who was there and Failed to Protect Plaintiff all other Defendant(s) having thereby Failed to Provide Sufficient Staff on the Trip of which they Sanctioned to Provide the nece- ssary and appropriate oversight and Security measures to reasonably ensure that Bialik did not have the opportunity to Molest Plaintiff as Defendant's indifference Created.

Defendant, Mayim Bialik has been -- Deliberately Indifferent where she has over the years sence the Assault affected by her Father, she has Knowingly Promoted him and his character as an Educator as being up-standing in numerous Television Interviews exacerbating Plaintiff's Emotional Distress where Mayim Knew that her Father had sexually Preyed on Plaintiff and Possibly others but took every opportunity to speak Highly of him as an Educator, not a Father, but an Educator to Deter Plaintiff and any other would-be Accuser(s) From coming Forth.

All the above alleged Mayim Bialik did Weaponizing and Wielding her Celebrity and EnFluence in endeavor to place her Father beyond Reproach where she Knew that he had and has the Propensity to Molest Minor(s), suspected that he has done so in the Past and intended to Keep Plaintiff Suffering in silence to Prevent her Father's Actions From becoming Public and Possibly Adversely impacting her own Acting Career where a scandle could adverse reflect on her and by all the above she has added to the Plaintiff's injury in the exact manner bringing about the intended result, his silence.

Defendant Shoemaker was Deliberately Indifferent where he was on the Camping Trip to oversee the Conduct of Mr. Bialik and allowed him to be alone and unmonitored with Plaintiff to Molest him.

Defendant Doe #1 was Deliberately Indifferent. He sanctioned the Trip and Failed to ensure that oversight of Bialik would be apt to Prevent the Molestation.

Defendant LAUSD. was Deliberately Indifferent in Hiring, Retaining and approving of Mr. Bialik and Shoemaker along with Doe #1 and Sanctioning all the Conduct alleged where they were Duty Bound to be oversight and supervise all, Defendant(s) LA/Co. and Does # 2-21 having had all the Same Duties entrusted with the supervision and oversight of Mr. Bialik, Shoemaker and Doe #1 their Agents and Employee(s).

Defendant BSA. Were Deliberately In-different where they allowed their Grounds at the Reserve Camp to be used by Mr. Bialik and other(s) such as their own Scout Troop Master(s) to issolate and Molest Minors Know-

1 ing that the Camp Ground and other(s) of
2 their's were being used for the exact purpose,
3 but failed to intervene and Provide the
4 appropriate Security and monitoring of their
5 Grounds to prevent Plaintiff's being Molested
6 where they could have.

7

8      As a result of their actions and Blunt
9 omissions each of the named Defendant(s)
10 are liable for Plaintiff's injuries because
11 they were integral Participants in acts of
12 Deliberate Indifference and failed to inter-
13 vene to prevent the onset or Progression of
14 the vicious Sexual Assault and Furthered the
15 Plaintiff's Emotional Distress.

16

17      4. Claim Four: Liability for Unconstitutional
18 Policies And Customs under 42 U.S.C. § 1983.

19

20      Here, it is Further alleged that on and
21 For some time Prior to 1,1, 1990 (And Continuing to
22 this Present date.) Defendant(s) Doe #1, L.A.U.S.D, - -
23 LA/Co., and Does #2 - 21 Employer(s) and Super-
24 visor(s) Deprived Plaintiff of Rights secured
25 to him via the U.S. Constitution's 1st, and
26 8th Amendment's in that said Defendant(s) in
27 Managing and Supervising their Agents, Employees
28 , and Personnel acted with Reckless and Delibe-

rate Indifference to Plaintiff's Rights where
they Knowingly maintained, enforced and also
applied an Officially recognized County, Custom
and Practice of:

   a. Employing and retaining Teachers and
other Personnel including Defendant(s) Mr. Bialik,
and Shoemaker who Defendant's Doe #1, LAUSD,
-- and Does #12-21 at all times mentioned
herein Knew or reasonably should have Known
had Predatory Propensities for abusing their
Authority and using their access granted to
minors thereby to Molest them.

   b. Of inadequately Providing Personnel to
Supervise and act as oversight on Field Trips
and other Trips Sanctioned by them.

   By reason of the aforementioned Policies
and Practices of the Defendant(s) together with
various other Officials, whether named or
unnamed had either actual or Constructive
Knowledge of the Deficient Policies, Practices
, and Customs alleged in the Paragraphs above,
then despite having said Knowledge the Defend-
ant(s) condoned, tolerated and through actions
and inactions thereby Ratified such Policies,
acting with Deliberate Indifference to the

Foreseeable effects and consequences of these Policies with respect to the Constitutional Rights of Plaintiff and other Minors.

By Perpetrating all the above, tolerating and Sanctioning the outrageous conduct and otherwise wrongful acts Defendant(s) Doe#1, LAUSD. and Does#12-21 acted with Reckless, and callous Disregard for the well-being of the Plaintiff and his Human Rights.

Further, the Policies, Practices, and Customs implimented, Maintained and still tolerated by Defendant(s) are affirmatively Linked to and were a significantly influential force behind Plaintiffs Injuries, and Defendants are here aptly sued.

5. Claim Five: Negligence, 28 U.S.C. §1367, Negligent Tort.

Here, Plaintiff alleges that Defendant(s) Doe#1, LAUSD., and Does#12-21 owed a Duty of Care toward him and were required to use reasonable Deligence to ensure that he was not injured by their act(s) or omission(s). The Defendant(s) Action(s) and Omission(s) were negligent and Reckless, including but not limited to:

19

a. Negligently placing a Violent Sexual Predator in Authority over Plaintiff and other minor(s),

b. Negligent Supervision and oversight by Defendant(s) Doe #1, LAUSD, and Does #12-21 over all and Shoemaker was negligent in overseeing Bialik's activities on the Camping Trip,

c. Negligent Hiring, retention, and Assignment of Bialik and Shoemaker,

d. And with all the above alleged Claims applying equally, each and every Statement, Defendant BSA. were Negligent in Monitoring and observing their Camp Grounds where they knew that their Scout Master(s) and other(s) like Mr. Bialik were thereat and on bringing minors to Molest them, etc..

As a direct and Legal result of all the above named Defendant(s) act(s) and omission(s) and the ensuing injuries Plaintiff has as a Proximate Result Suffered Damages including without limitation Past and Future Pain and mental Anguish and Distress, and other pecuniary Losses not yet ascertained.

As a Direct and Legal result of their conduct Defendant(s) are liable for Plaintiff's Damages because they were integral Participants, each and every one of them, in the Negligence failing to intervene and Prevent the injuries, where they could have.

6. Claim Six: Assault, 28 U.S.C. §1367, Intentional Tort.

Here, it is alleged that Defendant Mr. Bialik via Force, Fear, Violence and False imprissonment on the date of or about 1,1,1990 perpetrated a sexul Assault upon the Plaintiff's Person, his Actions being in Disregard of Plaintiff's Rights to Live -- in Society Free of being Personally harmed as the following Authorities counsel in 6A. Cal. Jur. 3d Assault and other willful Tort's III. § 22, SaFeco Ins. Co. of America v. Barr, 127 S. ct. 220 (U.S. 2002), Zanotta v. Marogna, 124 Cal. App. 2d 329 z 93.

7. Claim Seven: Intentional Infliction OF Emotional Distress, 28 U.S.C. §1367, Intentional Tort.

Here, it is Further alleged that Defendant(s)

21

1. Mr. Bialik and Maryim Bialik each on diFFerent
2. instances alone and on others in Concert
3. acted to cause PlaintiFF Emotional Distress.
4. Mr. Bialik Following the Assault on a number
5. of instances durring Cadet Corps Classes at
6. Bandcroft via Tacit Reminder(s) of what he
7. (Bialik) had said to him (PlaintiFF) on the
8. night of the Assault related to PlaintiFF's
9. "Showing Leadership."
10.
11.    PlaintiFF alleges that on date(s) oF
12. at least (5) Five separate dates Following
13. the sexual Assault Mr. Bialik in endeavor
14. to remind him oF the Rank he stood to
15. Lose in Reporting the incident made the
16. Statement(s) to him "you need to show your
17. Leadership Skills" intending to thereby Subject
18. him to Relive the Traumatic event.
19.
20.    Maryim Bialik as is alleged, supra, in
21. Claim No. 3, acted to inFlict Distress via her
22. Interview(s) and did so, as is alleged at p.15, supra.
23.
24.    Defendant(s) conduct was outrageous,
25. Recless, and in the regard would obviously
26. Cause a reasonable Person in PlaintiFF Situation
27. Distress.
28.

22

## H. Prayer For Relief

WHEREFORE, Plaintiff requests Entry of Judgment in his Favor against Defendant(s) as Follows:

1. Compensatory Damages in the Amount of $20,000,000 on each separate Claim,

2. Punitive Damages in the Amount of $10,000,000 against each Individual Defendant and on each separate Claim

3. For Cost of Bringing this Action per 42 U.S.C. § 1988, to include Atty. Fees,

4. For Interest.

Date: 12, 20, 2020    RespectFully Submitted,

Allen Hl~

In Pro Per.


(Verification Follows)

23

## Verification

I have read the Foregoing Complaint and hereby Verify that madders alleged therein are true, except asto madders alleged on information and belief and asto those I believe them to be true and Factual. I Certify/swear under the penalty of Perjury that this is true and correct.

Date: 12,20,2020          _Allen H___
                          Signer, And Plaintiff.

24

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. 1746)

I, _Allen Hammler_ , declare:

I am 18 years of age and a party to this action. I am a resident of _CSPC._

_____ Prison,

In the county of _HanFord/Corcoran_ ,

State of California. My Prison address is: _P.O. Box 8800, Corcoran,_

_CA. 93212_ ,

On _1,11,2021_
(Date)

I served the attached: _Complaint under §1983, re Hammler_

_v. Bulik, et al._
(DESCRIBE DOCUMENT)

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

AH 1/11/21

_U.S. Dist. Ct._
_Central Dist. Of Cal._
_312 North Spring St., G-8_
_Los Angeles CA. 90012_

_Cal. Atty. Gen. Office_
_300 South Spring St. #1702_
_Los Angeles, CA. 90013_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _1,11,2021_
(DATE)

_Allen H_
(DECLARANT'S SIGNATURE)

Civ-69(REV 9/97)



Allen Hammler F73072
Cal. State Prison Corcoran
ASU-175
P. O. Box 3456
Corcoran, CA. 93212

CORCORAN
STATE PRISON

$ 001.80°

United States District Court
Central Dist. OF California
312 North Spring Street, Rm. G-8
Los Angeles, CA. 90012

REC 1/20/21

Legal Mail

CSO ROVE X-R-TD

C. Rowan

1/12/2021

Legal Mail